**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:22-cv-310 (MTT)** |
| ) | |
| **RAY E. GRIGGERS II, *et al.*,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## <u>ORDER</u>

The government seeks to collect over $800,000 in federal income taxes owed by Ray E. Griggers II and enforce federal tax liens on real property in Barnesville, Georgia (the "Greenwood Property") where Mr. Griggers resides with his wife Mary C. Griggers.[1] Doc. 6 ¶¶ 1, 5-6, 25, 29, 52.  Proceeding pro se, both Mr. and Mrs. Griggers move to dismiss on failure to state a claim grounds.  Docs. 22; 37.  For the reasons that follow, those motions (Docs. 22; 37) are **DENIED**.

## I. BACKGROUND

According to the government, Mr. Griggers failed to file federal tax returns for tax years 2002, 2003, 2004, 2009, 2015, and 2017.  Doc. 6 ¶¶ 14, 19.  After determining Mr. Griggers' tax liabilities using deficiency procedures pursuant to 26 U.S.C. § 6020(b), the IRS notified Mr. Griggers of his proposed liabilities, and except for 2009, Mr. Griggers failed to substantively respond.  *Id.* ¶¶ 15-17, 20-22.  "Other than for tax year

---

[1] Mrs. Griggers is named as a defendant pursuant to 26 U.S.C. § 7403(b) because she may claim an interest in the Greenwood Property.  *Id.* ¶ 6.

2010, the last valid federal tax return [Mr.] Griggers voluntarily filed was for tax year 1998." *Id.* ¶ 28.  The government alleges Mr. Griggers owes the United States $801,378.81 in federal income tax liabilities as of May 27, 2022, plus additional interest and penalties calculated from May 27, 2022 to the date of payment. *Id.* ¶ 25.  To conceal his business activities, and thus the amount owed in taxes, the government alleges Mr. Griggers used aliases, fictitious entities, and nominees—Defendants Jennie A. Areson (then Jennie Lahr), Jerry Lahr, Fortress Management, Roy Lee Baker II, Valiant Enterprises, Starburst Management, LLC, and Oracle—during the years 1998 through 2018. *Id.* ¶ 27.

The saga of the Greenwood Property began on December 31, 1998 when Mr. Griggers purchased the property by warranty deed. *Id.* ¶ 29.  That same day, Mr. and Mrs. Griggers, each as "Co-Managing Director," executed a "Public Notice of Debt Disclaimer of Valiant Enterprises a Pure Trust Organization" to disclaim personal liability "when dealing with the Pure Trust Organization properties or matters." *Id.* ¶ 30.  Four days later, on January 4, 1999, Mr. Griggers executed a quitclaim deed to the Greenwood Property to Lahr, Areson, and Valiant Enterprises for no consideration. *Id.* ¶¶ 29, 31.

The title of the Greenwood Property remained static until January 28, 2005, when Lahr and Areson independently executed quitclaim deeds transferring, for no consideration, the Greenwood Property to Fortress Management, Inc., Trustee for Valiant Enterprises. *Id.* ¶ 32.  On February 11, 2005—the same day the quitclaim deeds were recorded in Lamar County, Georgia—Mr. Griggers executed an affidavit that stated "the January 4, 1999 [q]uitclaim [d]eed inadvertently transferred Griggers'

interest in the Greenwood Property to [Lahr and Areson] in their individual capacit[ies] and that, instead, Griggers intended to transfer the Greenwood Property to [Lahr and Areson] as Trustees for Valiant Enterprises." *Id.* ¶¶ 32-33.  The government alleges Valiant Enterprises is, and was, a fictitious entity, with no Employer Identification Number and no registration on record with the Georgia Secretary of State.  *Id.* ¶ 34.

The Greenwood Property remained in the hands of the fictitious Valiant Enterprises until November 30, 2012, when the government contends that "Roy Lee Baker, as Trustee for Valiant Enterprises, executed a [q]uitclaim [d]eed transferring Valiant Enterprises' purported interest in the Greenwood Property to Starburst Management, LLC, for no consideration."  *Id.* ¶ 35.  Starburst shared a post office box in Barnesville, Georgia with the Griggers.[2]  *Id.* ¶ 36.  In other words, the government alleges that Starburst, like Valiant Enterprises, was the Griggers' alter ego.  *Id.*

According to the government, another fictitious entity, Oracle, also shared the Barnesville, Georgia post office box with Starburst and the Griggers.  *Id.* ¶ 37.  On December 13, 2012 Oracle filed a UCC lien against Mr. and Mrs. Griggers "in the amount of $412,722.50 purportedly secured by the Greenwood Property."  *Id.*  On February 15, 2013, Oracle filed a UCC lien addendum which released the December 13, 2012 UCC lien and the Griggers from their purported $412,722.50 obligation.  *Id.* ¶ 38.  Oracle filed a second UCC lien against Mr. and Mrs. Griggers three days later on February 18, 2013 in the amount of $1,637,722, which also was purportedly secured by the Greenwood Property.  *Id.* ¶ 39.  However, the second lien reflected a new address

---

[2] The government's amended complaint is unclear as to whether that post office box was owned by Mr. Griggers, Mrs. Griggers, or both.  *See* Doc. 6 ¶¶ 11, 36-37.  In any event, that ambiguity does not undermine the plausibility of the government's allegations.

for the Griggers, this time in Macon, Georgia.  *Id.* ¶ 40.  Oracle filed a third and fourth

UCC lien against Mr. and Mrs. Griggers in March 2018 which also reflected a Macon

address.  *Id.* ¶¶ 41-42.  The purpose of these UCC liens, the government contends, was

"to make the [Greenwood Property] 'judgment proof,' and thereby defeat creditors,

including the United States."  *Id.* ¶¶ 43-44.

After this case was filed in the Northern District of Georgia, the government

amended its complaint to clarify allegations regarding the fictitious entities and

nominees that could claim an interest in the Greenwood Property pursuant to 26 U.S.C.

§ 7403(b).  Docs. 1; 4; 5; 6.  In its three-count amended complaint, the government

seeks (1) judgment against Mr. Griggers for his unpaid federal tax liabilities; (2) a

declaration that Mr. Griggers is the true owner of the Greenwood Property; and (3)

foreclosure on the Greenwood Property to enforce its tax liens.  Doc. 6 ¶¶ 48-80.  Both

Mr. and Mrs. Griggers then filed identical motions to dismiss for improper venue.  Docs.

9; 10.  The parties conferred, and the Griggers agreed they would not oppose a request

by the United States to transfer the case to the Middle District of Georgia pursuant to 28

U.S.C. § 1406.  Doc. 21.  Mr. Griggers then filed a second motion to dismiss, this time

for failure to state a claim.  Doc. 22.  On August 25, 2022, the Northern District of

Georgia transferred this case to the Middle District with Mr. Griggers' second motion to

dismiss undecided.  Docs. 35; 36.  Once transferred, Mrs. Griggers filed her own motion

to dismiss for failure to state a claim, or in the alternative, for a more definite statement.

Doc. 37.

In sum, the government alleges Mr. Griggers used funds from his business

enterprises to acquire the Greenwood Property, which he then sought to conceal from

the government through an intricate network of sham entities so the government could not attach tax liens to that Property.[3]  Doc. 6.  Mrs. Griggers, while allegedly part of the scheme, is only a defendant in this action as a party who may claim interest in the Greenwood Property.  *Id.* ¶6.

## II. STANDARD

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To avoid dismissal pursuant to Rule12(b)(6), "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible."  *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  *FindWhat Inv. Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted).  But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not

---

[3] Since the government filed its amended complaint, Andrea Anthony, in her capacity as Tax Commissioner of Lamar County, Georgia, disclaimed any interest in the Greenwood Property and was dismissed from the case.  Doc. 32.  Areson and Baker also disclaimed any interest in the Greenwood Property and were similarly dismissed.  Docs. 26; 42.  Finally, Lahr—who the Court allowed the government to serve by publication—is in default and the government has moved for entry of default judgment.  Docs. 45; 48; 49.

prevent dismissal." *Wiersum v. U.S. Bank, N.A.,* 785 F.3d 483, 485 (11th Cir. 2015) (cleaned up).  The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).  Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts.  *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

### III. DISCUSSION

"An assessment of federal income tax by the Internal Revenue Service is presumed valid." *United States v. McHaffie*, 2008 WL 5724293, at *2 (N.D. Ga. Dec. 29, 2008) (internal quotation marks and citation omitted).  A taxpayer challenging the assessment "bears the burden of overcoming the presumption of correctness by proving, by a preponderance of the evidence, that the Commissioner's determinations were incorrect."  *Id.*

Mr. Griggers contends the government's amended complaint contains "naked and unsupported allegations," and thus must be dismissed.  Doc. 22 at 1.  Far from it. As alleged, Mr. Griggers failed to file income tax returns and pay his income tax liabilities for tax years 2002, 2003, 2004, 2009, 2015, 2017.  Doc. 6 ¶¶ 14–23.  The IRS issued statutory notices of deficiency, calculated Mr. Griggers' tax liabilities, and assessed late and fraudulent failure to pay penalties.  *Id.* ¶¶ 14-25.  Simply put, the facts as alleged allow the Court to draw the reasonable inference that Mr. Griggers is liable for the taxes the government claims.[4]

---

[4] Mr. Griggers also argues the government itself is a "fictitious entity or corporation" and is "legally defined as an 'insane person.'"  Doc. 22 at 2-3.  That argument is frivolous.  *Pollard v. Comm'r, I.R.S.*, 816 F.2d 603, 604 (11th Cir. 1987).

Turning to the Greenwood Property, the government's amended complaint also passes muster.  Pursuant to 26 U.S.C. § 6321, a lien is imposed upon all property and rights to property belonging to delinquent taxpayers.  This lien arises upon the assessment of tax and continues until the tax liability is satisfied or becomes unenforceable.  26 U.S.C. § 6322.  The Internal Revenue Code additionally provides that the government may file a civil action in the district court for enforcement of the lien:

> In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.

26 U.S.C. § 7403(a).  Any party having liens upon or claiming an interest to the property shall be made a party to the action.  26 U.S.C. § 7403(b).  If the government is successful, the district court may decree a sale of the property and order distribution of the sale's proceeds.  26 U.S.C. § 7403(c).

Both Mr. and Mrs. Griggers argue the government fails to allege their respective relationship to the Greenwood Property.  Docs. 22 at 2; 37 at 2.  To the contrary, the government contends that Mr. Griggers purchased the property by warranty deed on December 31, 1998, and that he now resides there with Mrs. Griggers.  Doc. 6 ¶¶ 29, 46.  Further, the government alleges that through a series of fraudulent conveyances and UCC liens, Mr. and Mrs. Griggers attempted to make the Greenwood Property "judgment proof."  *Id.* ¶¶ 37-44.  The government then backs up that allegation with specific factual details.  For example, the government alleges that through a fictitious entity, Oracle, which shared Mrs. Griggers' post office box, a series of UCC liens were

filed against Mr. and Mrs. Griggers secured by the Greenwood Property.  *Id.* ¶¶ 37-42.

The government's allegations are neither conclusory nor implausible.  *Iqbal*, 556 U.S. at

681 ("It is the conclusory nature of respondent's allegations, rather than their

extravagantly fanciful nature, that disentitles them to the presumption of truth.").

## IV. CONCLUSION

The government has plausibly pled that Mr. Griggers is subject to unpaid tax

liability, that he owns the Greenwood Property, and that by operation of 26 U.S.C.

§ 7403(a) and (c), the Greenwood Property is subject to tax liens and foreclosure.

Similarly, by operation of 26 U.S.C. § 7403(b), the government has plausibly alleged

that Mrs. Griggers is a proper party to this action.  Accordingly, both Mr. and Mrs.

Griggers' motions to dismiss (Docs. 22; 37) are **DENIED**.


**SO ORDERED**, this 30th day of January, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT