IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:22-cv-310 (MTT) |
| | ) |
| RAY E. GRIGGERS II, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# ORDER

The United States filed this action against Ray E. Griggers II and Mary C. Griggers after they failed to file Federal Income Tax Returns for years and the IRS assessed tax liabilities based on information it could collect.  Docs. 1; 6 ¶¶ 14-25.  Mr. Griggers subsequently filed a "complaint" which the Court construes as a counterclaim against the United States alleging unauthorized inspection or disclosure of his return information in violation of 26 U.S.C. §§ 6103 and 7431.  Doc. 53.  The United States moves to dismiss the counterclaim pursuant to Fed. R. Civ. P. 12(b)(6).  Doc. 58.  For the following reasons, the United States's motion (Doc. 58) is **GRANTED**.

## I. BACKGROUND

Mr. Griggers allegedly has not voluntarily filed a valid return since 1998.[1]  Doc. 6 ¶ 28.  On May 27, 2022, the United States filed this tax action against Mr. and Mrs. Griggers to recover over $800,000 in federal income taxes owed by them and to enforce

---

[1] At a status conference held September 7, 2023, Mr. Griggers admitted to the Court that he did not file any returns for the years in question.  Doc. 74 at 7:18-20.

federal tax liens on real property in Barnesville, Georgia, (the "Greenwood Property"), where they reside.  Doc. 6 ¶¶ 1, 5-6, 25, 29, 52.  The United States alleges Mr. Griggers used funds from his business enterprises to acquire the Greenwood Property, which he then sought to conceal from the government through an intricate network of sham entities and UCC liens.  *Id*. ¶ 27.  His goal apparently was to avoid tax liens.  *Id.*  Mrs. Griggers, although allegedly part of the scheme, is a party only because she may claim an interest in the Greenwood Property.  *Id*. ¶ 6.

After unsuccessfully moving to dismiss, Mr. Griggers filed what the Court construes as a counterclaim against the United States alleging unauthorized inspection or disclosure of his return information in violation of 26 U.S.C. §§ 6103 and 7431.  Docs. 22; 37; 50; 53.  Mr. Griggers claims the United States obtained his return information without authority, used that information to fabricate a dummy return, and then commenced its automated collection process, even though there had been no legitimately assessed tax liability.  Docs. 53; 81.  Confusingly, Mr. Griggers claims this was unlawful because no tax liability had been assessed and thus he owed no taxes for the years in question.  Doc. 81.  That may be a defense to the United States's claim, but it adds nothing to the counterclaim.

The United States moves to dismiss the counterclaim because Mr. Griggers fails to allege who disclosed what to whom and when the disclosure occurred.  Doc. 58.  At a September 7, 2023, status conference, the Court questioned Mr. Griggers about the deficiencies in the counterclaim, and the Court gave him the opportunity to submit a supplemental brief once he deposed the IRS Revenue Officer assigned to this case which was held October 25, 2023.  Docs. 59; 74; 73; 81.  Mr. Griggers filed his

supplemental brief on November 13, 2023, but fails to address the deficiencies raised by the United States.  Docs. 58; 81.

## II. STANDARD

The Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To avoid dismissal pursuant to Rule12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted).  But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (internal quotation marks and citation omitted).  The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).  Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts.  *Patel v.*

*Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018) (citations omitted).

Because Mr. Griggers is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation marks and citation omitted). But "[d]espite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading."[2] *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted).

### III. DISCUSSION

Mr. Griggers's counterclaim alleges wrongful inspection or disclosure of his return or return information in violation of 26 U.S.C. §§ 6103 and 7431. Docs. 53; 58; 81.

### A. 26 U.S.C. §§ 6103 and 7431

Section 7431(a)(1) allows taxpayers to bring civil actions for damages against the United States "[i]f any officer or employee of the United States … inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of Section 6103." 26 U.S.C. § 7431(a)(1). Under 26 U.S.C. § 6103(a), a return and return information are confidential and cannot be disclosed by any officer or employee of the

---

[2] Since April Mr. Griggers has been aware of deficiencies with his counterclaim. Doc. 58. Instead of addressing those deficiencies, however, Mr. Griggers continues to assert the same meritless objections despite being told exactly what allegations were necessary to correct and support his counterclaim. Docs. 59; 77; 80; 81. Even after questioning him about his allegations at the September status conference and allowing him to supplement his counterclaim after deposing the IRS officer assigned to this case—who would be the United States's witness at trial if necessary—Mr. Griggers's counterclaim lacks the requisite specificity and makes only unsupported, conclusory allegations. Doc. 81. Absent a showing of futility or lack of desire to amend, a pro se party generally must be given at least one chance to amend his claims before being dismissed. *Hall v. Merola*, 67 F.4th 1282, 1296 (11th Cir. 2023) (assuming without deciding that bad faith and undue delay can be reasons to deny a pro se plaintiff at least one opportunity to amend). The Court has repeatedly implored Mr. Griggers to address the deficiencies in his counterclaim. He has refused. There is no reason to give him yet another opportunity. In any event, the Court dismisses his counterclaim without prejudice. *See* Fed. R. Civ. P. 15.

United States unless authorized under Title 26. A "return" is "any tax or information return, declaration of estimated tax, or claim for refund" filed by or on behalf of the taxpayer. 26 U.S.C. § 6103(b)(1). "Return information" includes "a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments" "received by, recorded by, prepared by, furnished to, or collected by" the IRS for prescribed purposes.[3]  *Id.* § 6103(b)(2)(A).

**A. Griggers Fails to State a Claim Under §§ 7431 and 6103**

The counterclaim alleges that United States unlawfully inspected or disclosed Mr. Griggers's identifying information and financial, banking, credit and tax records when it inspected returns and return information for the years 2002, 2003, 2004, 2009, 2015 and 2017 without authority. Docs. 53; 81. This is insufficient. To prove a violation of § 6301(a) and to recover under § 7431, plaintiffs must demonstrate both that an officer or employee of the United States disclosed information and that the data disclosed was either a return or return information with respect to the taxpayer. *See United States v. Zak*, 481 F. Supp. 3d 1305, 1311 (N.D. Ga. 2020) (citing *Taylor v. Pekerol*, 624 F. App'x 691, 694 (11th Cir. 2015)). Plaintiffs ordinarily "must specifically allege who made the alleged disclosures, to whom they were made, the nature of the disclosures, the circumstances surrounding them, and the dates on which they were made."[4]  *Zak*, 481

---

[3] *See, e.g., Huckaby v. United States*, 794 F.2d 1041, 1048 (5th Cir.1986) ("Return information includes the taxpayer's identity, the fact that the taxpayer is under investigation or subject to further investigation, and data that the IRS has collected about a return.").

[4] The government must know to whom to turn to formulate a defense and gather evidence to rebut the claim; thus, plaintiffs must plead allegations about the tax information allegedly revealed and an identifiable time frame for the alleged revelation.  *See Bancroft*, 330 F. Supp. 3d at 101-02. This includes "what specific 'return or return information' an employee of the United States [allegedly] disclosed that violated § 6103."  *Id.* at 101.

F. Supp. 3d at 1311 (quoting *Bancroft Glob. Dev. v. United States*, 330 F. Supp. 3d 82, 101 (D.D.C. 2018)).  The purpose of this specificity is to allow the government to determine whether the disclosure fell within a Title 26 exception.  *Zak*, 481 F. Supp. 3d at 1311 (citing *Bancroft*, 330 F. Supp. 3d at 101).

Mr. Griggers fails to allege what specifically was disclosed, when it was disclosed, who disclosed it, and to whom it was disclosed.  Docs. 53; 81.  Thus, the counterclaim not only fails to place the United States on notice but also fails to allow any meaningful examination of whether any such disclosure was lawful.  This is a fatal defect.  For example, a well-pleaded counterclaim might allege that the IRS's disclosure of return information to the Department of Justice ("DOJ") was unlawful or, as Mr. Griggers argues but has not pled, that "disclosure of his tax debt for its collection, via this lawsuit or by the IRS, is wrongful."  Doc. 53 at 2, 4-5.  But disclosure of returns and return information to the DOJ is permitted under 26 U.S.C. §§ 6103 (h)(2)-(3).  S*ee* Treas. Reg. § 301.6103(h)(2)-1 (exempting disclosures within the DOJ).  Additionally, in cases involving tax administration, such as this one, § 6103(h)(4)(A) permits the DOJ to disclose return information of parties in judicial proceedings.  26 U.S.C. § 6103(h)(4)(A).

If, as also seems to be the case, Mr. Griggers's claim is based on the IRS's exercise of its summons authority to gather financial information to calculate his tax liabilities, that too is insufficient to plead a violation of § 6103.[5]  *See*, *e.g*., 26 U.S.C. § 6103(k)(6); *Ryan v. United States*, 74 F.3d 1161, 1163 (11th Cir.1996) ("[T]he statutory

---

[5] Section 6103 requires that the source of the disclosed information must have been the IRS.  *See Baskin v. United States*, 135 F.3d 338, 342 (5th Cir. 1998); *Thomas v. United States*, 890 F.2d 18, 21 (7th Cir. 1989) ("[W]e believe that the definition of return information comes into play only when the immediate source of the information is a return, or some internal document based on a return, as these terms are defined in § 6103(b)(2).").

definition of 'return information' confines it to information that has passed through the IRS."). Section 6103(h)(1), for instance, permits the disclosure of return information between IRS employees for tax administration purposes. And IRS officers are further permitted to disclose return information for investigative purposes "to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available, with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of [Title 26]." § 6103(k)(6).

In short, because Mr. Griggers does not allege what was disclosed, who made the disclosure, and who received the disclosed information, Mr. Griggers fails to plausibly allege a violation of § 6103. The reason for his lack of specificity seems apparent. On the facts here, a properly pleaded counterclaim almost certainly would establish that any disclosure fell within a Title 26 exception.

## IV. CONCLUSION

For the foregoing reasons, the United States's motion to dismiss (Doc. 58) is **GRANTED**. Accordingly, Mr. and Mrs. Griggers' counterclaim against the United States (Doc. 53) is hereby **DISMISSED**.

**SO ORDERED**, this 21st day of December, 2023.

S/ Marc T. Treadwell  
MARC T. TREADWELL, CHIEF JUDGE  
UNITED STATES DISTRICT COURT