IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:22-cv-310 (MTT) |
| ) | |
| RAY E. GRIGGERS II, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

The United States filed this tax action against Ray E. Griggers II and Mary C. Griggers under 26 U.S.C. §§ 7401, 7402, and 7403 to reduce to judgment assessed and unpaid federal income taxes and to enforce federal tax liens against real property owned by them. Docs. 1; 6. Technically, the Court perhaps should have provided the Griggers, who are proceeding *pro se*, notice of Federal Rule of Civil Procedure 56 procedures. *See Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985). As a practical matter, that notice was unnecessary because the Griggers first moved for summary judgment and their filings demonstrate that they are well aware of their rights and obligations under Federal Rule of Civil Procedure 56 and Local Rule 56.[1] Doc. 90. Nevertheless, the Court now provides that notice. **The Griggers are not required to**

---

[1] In their summary judgment filings, the Griggers cite Federal Rule of Civil Procedure and Local Rule 56, note the correct standard for summary judgment in numerous places, filed excerpted deposition testimony from Internal Revenue Officer Susan Freeman, and filed affidavits. *See* Docs. 90; 90-1; 90-2; 97; 97-4; 100. Mr. and Mrs. Griggers also provided responses to the United States's statement of material facts (Docs. 93-1; 93-2) and filed a "Surreply" (Doc. 100). *Compare Griffith*, 777 F.2d at 826 ("Neither the record nor the pleadings suggest that Appellant had any knowledge of the rules concomitant to a motion for summary judgment, of the need to assemble affidavits and other documents necessary to counter the Appellees' motion, or of the court's intention to take the motion under advisement.").

**file anything further in response to the Unites States's motion for summary judgment (Doc. 92).** However, if the Griggers wish to provide a supplemental response, they must do so no later than **SEVEN DAYS from the receipt of this Order**.

The Griggers may submit additional argument to this Court by filing a supplemental brief, but only if they believe it necessary to support their opposition to the United States's motion for summary judgment. They **SHALL NOT** repeat arguments already made or present evidence already filed with the Court. The Court will strike any redundant, impertinent, immaterial, or scandalous matter filed in response to this Order. *See* Fed. R. Civ. P. 12(f). Unless the Court has granted prior permission, any brief should not exceed 20 pages. M.D. Ga. L.R. 7.4.

The Griggers must file all materials, including any affidavits, depositions, answers to interrogatories, admissions on file, and any other relevant materials which they wish to be considered in opposition to the motion for summary judgment. Fed. R. Civ. P. 56(c. Under Federal Rule of Civil Procedure 56, summary judgment can be granted only if there are no genuine disputes as to any material fact and if the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party opposing a motion for summary judgment cannot simply rely on the pleadings. Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 324. To establish that a genuine fact dispute exists, the party opposing summary judgment must respond by filing affidavits, depositions, or other materials to persuade the Court that the case must be presented to a jury for resolution. Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 324.

Local Rule 56 requires a motion for summary judgment to be accompanied by a separate document containing a short and concise statement of material facts in numbered paragraphs.

Local Rule 56 also requires a party opposing a summary judgment motion to file a separate concise statement of material facts responding to the numbered paragraphs of the moving party's statement. The local rule further requires that the statements of material fact by both parties must include a reference to that part of the record that supports each statement.

All material facts properly asserted by the defendant will be considered admitted unless controverted by proper evidentiary materials. FINAL Judgment may then be entered on the claim or claims without a trial.

**SO ORDERED**, this 28th day of March, 2024.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT