IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 5:22-cv-310 (MTT) |
| ) | |
| RAY E. GRIGGERS II, *et al.*,   ) | |
| ) | |
| Defendants.   ) | |

# ORDER

On December 5, 2024, Defendant Ray E. Griggers II filed a motion for jury trial. Doc. 124.  In response, the United States moved to strike Mr. Griggers's demand for a jury trial as untimely.  Doc. 126.  For the following reasons, Mr. Griggers's motion (Doc. 124) is **DENIED**, and the United States's motion to strike (Doc. 126) is **GRANTED**.

## I. BACKGROUND

On May 27, 2022, the United States filed this action against Mr. Griggers in the Northern District of Georgia to recover over $900,000 in unpaid federal income tax liabilities and to enforce federal tax liens against Mr. Griggers and his property at 531 Greenwood Street, Barnesville, Georgia (the "Greenwood property"), under 26 U.S.C. §§ 7401, 7402, and 7403.  Doc. 1.  As required under § 7403(b), the United States joined and served as defendants all parties who might claim interest in the Greenwood Property.  Doc. 1 ¶¶ 6-12.  On July 13, 2022, the United States amended its complaint to add Jerry Lahr, who was previously thought to be deceased, as a defendant who may claim an interest in the Greenwood Property under § 7403(b).  Docs. 4; 6.

Mr. Griggers is an informed, effective, well-prepared, and detail-attentive litigator.[1]  The Court here summarizes only the highlights of the considerable history of this complex case.  On August 1, 2022, Mr. Griggers filed a motion to dismiss for improper venue.  Doc. 10.  On August 8, 2022, Mr. Griggers moved to dismiss the action for failure to state a claim.  Doc. 22.  On August 25, 2022, the Northern District granted the United States's motion to transfer the case to this Court and denied Mr. Griggers's motion to dismiss for improper venue as moot.  Doc. 35.

On January 30, 2023, this Court denied Mr. Griggers's motion to dismiss for failure to state a claim.  Doc. 50.  On February 13, 2023, Mr. Griggers timely filed his answer to the amended complaint (Doc. 51), along with a counterclaim against the United States alleging unauthorized inspection or disclosure of his return information in violation of 26 U.S.C. §§ 6103 and 7431.  Doc. 53.  Neither the United States nor Mr. Griggers ever requested a jury trial in their pleadings.

The United States moved to dismiss the counterclaim on April 24, 2023.  Doc. 58.  On July 14, 2023, Mr. Griggers filed a motion to compel the United States to produce, among other things, a 30(b)(6) witness for deposition.  Doc. 60.  The Court held a status conference on September 7, 2023, and subsequently gave Mr. Griggers the opportunity to submit a supplemental brief to the United States's motion after he deposed the IRS Revenue Officer assigned to this case on October 25, 2023.[2]  Doc. 72.  Mr. Griggers filed his supplemental brief on November 13, 2023 (Doc. 81), and the

---

[1] Mr. Griggers has also litigated with the IRS in United States Tax Court.  *See*, *e.g.*, Doc. 129-1.

[2] The Court also ruled that Mr. Griggers could be deposed by the United States after he deposed the IRS Revenue Officer.  Doc. 74 at 11:22-12:3, 13:9-11.

Court granted the motion to dismiss Mr. Griggers's counterclaim on December 21, 2023.  Doc. 89.

Mr. Griggers also filed two separate motions for a protective order seeking not to be deposed.  Docs. 77; 82.  Mr. Griggers was ultimately deposed in this courthouse after failing to appear for a properly noticed deposition.  Docs. 83 at 1-2; 88.

On January 2 and 4, 2024, the parties filed cross motions for summary judgment.  Docs. 90, 92.  After several rounds of supplemental briefing, the Court denied Mr. Griggers's partial motion for summary judgment and granted in part and denied in part the United States's motion for summary judgment.  Doc. 109.  On October 3, 2024, Mr. Griggers filed a notice of interlocutory appeal.  Doc. 110.  Then, on November 6, 2024, Mr. Griggers moved to vacate the Court's partial grant of summary judgment, asked the Court to "re-open the hearings," and requested an evidentiary hearing to determine the taxable activity he is accused of.  Doc. 115.

The Court ordered the parties to file pretrial submissions by November 11, 2024, and the Court held a pretrial conference on November 21, 2024.  Docs. 112; 123.  On December 5, 2024, Mr. Griggers filed a motion demanding a jury trial.  Doc. 124.  In response, the United States moved to strike Mr. Griggers's untimely demand for a jury trial on December 23, 2024.  Doc. 126.

## II. STANDARD

Under Federal Rule of Civil Procedure 38, a party may demand a jury trial on any issue triable by jury by serving a written demand no later than 14 days after the last

pleading directed to the issue is served. [3]  Fed. R. Civ. P. 38(b).  A party waives the right to a jury trial by failing to serve and file a jury demand within this fourteen-day period.  Fed. R. Civ. P. 38(d).  Generally, when no demand for a jury trial is made or the demand is improper, the action proceeds before the court.  Fed. R. Civ. P. 39(b).  However, Federal Rule of Civil Procedure 39(b) allows the court to order a jury trial on any issue for which a jury might have been demanded, even if the demand is late, unless there are strong and compelling reasons to deny it.  *Id.*; *see Swofford v. B & W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964).

### III. DISCUSSION

**A. Federal Rule of Civil Procedure 38**

The United States argues that Mr. Griggers's motion for a jury trial should be denied and asks the Court to strike Mr. Griggers's motion because his demand is untimely.  Doc. 126-1 at 1.  The Court agrees.

Mr. Griggers was required to serve and file a jury demand "no later than 14 days after the last pleading directed to the issue is served."  Fed. R. Civ. P. 38(b).  The last pleadings in this case were filed on February 13, 2023.  Docs. 51-53.  As a result, the deadline for Mr. Griggers to file a jury demand was February 27, 2023.  Mr. Griggers filed his jury demand on December 5, 2024, well beyond the 14-day period.  Doc. 124.

---

[3] Federal Rule of Civil Procedure 38(a) preserves the right to a jury trial as declared by the Seventh Amendment of the U.S. Constitution or as provided by a federal statute.  Fed. R. Civ. P. 38(a).  Generally, this means the right to a jury trial exists only in actions at law, not in actions seeking equitable relief.  *See United States v. McMahan*, 569 F.2d 889 (5th Cir.1978) (discussing right to a jury trial).

The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Accordingly, Mr. Griggers's jury demand is untimely, thereby waiving any right to a jury trial.

**B. Federal Rule of Civil Procedure 39(b)**

"The general rule governing belated jury requests under Rule 39(b) is that the trial court should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Parrot v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983) (internal quotation marks omitted). However, "[a] district court has 'broad discretion when considering Rule 39(b) motions' and should consider: (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial."[4] *Herrera v. 7R Charter Ltd.*, 2022 WL 42751, at *4 (11th Cir. Jan. 5, 2022) (quoting *Parrot*, 707 F.2d at 1267).

Here, all factors weigh against granting Mr. Griggers's motion. First, the issues in this case are not necessarily best tried before a jury. *Herrera*, 2022 WL 42751, at *4. This case involves complex IRS regulations and voluminous documentary evidence. Second, granting the motion would result in a disruption of the Court's schedule. Third, because discovery has closed and pretrial submissions have been filed, the United States would potentially be prejudiced if it had to reverse course and prepare for a jury trial. Doc. 126-1 at 4; *see Fair Fight Inc. v. True the Vote*, 2023 WL 11909714, at *4 (N.D. Ga. Sept. 13, 2023) ("Requiring an alteration to Plaintiffs' strategy in presenting

---

[4] The United States asks the Court to strike Mr. Griggers's belated jury demand given the untimeliness of Mr. Griggers's jury demand, the lack of any explanation for the substantial delay, and the potential prejudice to the United States that a sudden shift to a jury trial would cause in preparing its trial strategy. Doc. 126-1 at 3.

evidence at this late juncture would result in prejudice."). Fourth, the delay in Mr. Griggers's jury demand—over one year after the close of the pleadings—is substantial. *See Parrott*, 707 F.2d at 1267 (affirming the trial court's denial of a request for jury trial where the demand was filed approximately a year and a half after the close of pleadings); Docs. 51, 124. Fifth, Mr. Griggers has provided no explanation for his late jury demand. Accordingly, the Court finds strong and compelling reasons to deny Mr. Griggers's motion.

## IV. CONCLUSION

For the foregoing reasons, Mr. Griggers's untimely motion for a jury trial (Doc. 124) is **DENIED**. The United States's motion to strike (Doc. 126) is **GRANTED**.

**SO ORDERED**, this 3rd day of March, 2025.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT