IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:22-cv-310 (MTT) |
| | ) |
| RAY E. GRIGGERS II, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ORDER

The United States filed this tax action against Ray E. Griggers II to recover over $900,000 in unpaid federal income tax liabilities and to foreclose federal tax liens against Mr. Griggers' real property under 26 U.S.C. §§ 7401, 7402, and 7403.  Doc. 6.  On September 23, 2024, the Court granted partial summary judgment to the United States concluding that the government satisfied its burden to prove the validity of Mr. Griggers' assessed tax liabilities for 2002, 2003, 2004, 2015, and 2017 based on certified IRS Forms 4340 and other documents.  Doc. 109.  The only issue left for trial is whether Mr. Griggers consented to immediate collection of his 2009 tax liability by signing and returning IRS Form 4549.  *Id*. at 39.  A bench trial is set for June 17, 2025.  Doc. 137.  On January 16, 2025, Mr. Griggers filed a motion asking the Court to vacate partial summary judgment and to hold an evidentiary hearing to determine the specific taxable activities that generated his tax liabilities.  Doc. 115.  Alternatively, he asks the Court to dismiss the entire case with prejudice.  Docs. 115; 129 at 5.  For the following reasons, that motion (Doc. 115) is **DENIED**.

**I. STANDARD**

Mr. Griggers essentially moves for reconsideration of partial summary judgment (Doc. 109).  Doc. 115.  The standard for granting a motion for reconsideration is strict.  Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice."  M.D. Ga. L.R. 7.6.  Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly."  *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted).  It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law."  *Id*.  "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived."  *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

**II. DISCUSSION**

Mr. Griggers raises several arguments challenging the validity of partial summary judgment, including alleged "errors of fact," omission of facts, incorrect conclusions of law, and newly discovered evidence from a Freedom of Information Act ("FOIA") request.  Docs. 115; 129.  These arguments primarily focus on the alleged insufficiency of evidence supporting the IRS's tax assessments, procedural errors in the examination process, and alleged due process violations.  Docs. 115; 129.  However, these arguments not only mischaracterize the record but also seek to relitigate issues resolved in prior orders.  *See, e.g.,* Docs. 50; 72; 89; 109.

1. *IRS Authority and Examination Procedures*

Mr. Griggers argues that the IRS lacked authority to create substitute returns under I.R.C. § 6020(b) without obtaining his signature or identifying specific taxable activity.  Docs. 115 at 2, 7-10; 129 at 2-4.  Section 6020(b) authorizes the IRS to create substitute returns when a taxpayer fails to file a required return using information obtained from third parties, such as employers and financial institutions, to determine the taxpayer's liability.  26 U.S.C. § 6020(b).  This statute does not require the IRS to formally identify specific taxable activities before initiating the examination process, nor does it require the IRS to obtain the taxpayer's signature.  *Selgas v. Comm'r of Internal Rev.*, 475 F.3d 697, 700 (5th Cir. 2007)); *see* 10.02 METHOD OF ASSESSMENT, 1999 WL 1050954, at 4.  Here, the IRS determined that Mr. Griggers earned income exceeded the applicable thresholds for the tax years in question based on information reported by third parties through W-2 forms, 1099 forms, and other documents.  Docs. 92-4 ¶¶ 9, 11-12; 92-8 at 2, 4-5; 106-1 ¶¶ 7-8, 14-15; 106-2 at 5-7; 106-3; *see also* Docs. 119-1; 133-1; 133-2; 133-3.  The IRS then applied standard deductions and exemptions and imposed penalties for failure to file a return and pay tax and provided Mr. Griggers with detailed explanations of the deficiencies through IRS Forms 4549, 5278, and 886-A.  Docs. 92-8; 106-1 ¶¶ 8, 14-15; 106-2 at 5-7; 106-3.  The IRS mailed formal notices of deficiency for the relevant tax years to Mr. Griggers' last-known address and assessed unpaid liabilities after the notice periods expired and provided timely notice of assessments and demands for payment.  Docs. 92-4 ¶¶ 14-16; 92-5; 92-6; 92-7; 92-8; 106-1 ¶¶ 8, 12, 14.  This satisfies the requirements of 26 U.S.C. §§ 6020(b), 6212, 6213, and 6303.

*2. RACS-006 Report and IRS Form 4340*

Mr. Griggers argues that the Court erred by accepting IRS Forms 4340 and RACS-006 reports as evidence of valid assessments because these documents fail to comply with the requirements of 26 C.F.R. § 301.6203-1.[1]  Docs. 115 at 2-6; 129 at 2-4. Under 26 U.S.C. § 6203, an assessment is made when an authorized IRS officer signs a summary record of assessment, and 26 C.F.R. § 301.6203-1 requires that this summary record, through supporting documents, to identify the taxpayer, the type of tax liability, the tax period involved, the amount assessed, and the date of assessment. First, neither the United States nor the Court relied on the RACS-006 report in reaching the summary judgment ruling.  Doc. 109 at 18 n.16.  Instead, the Court's ruling was based on IRS Forms 4340, 4549, 5278, and 886-A, along with supporting declarations and other evidence, which provide sufficient foundation to establish the validity of the assessments.  *Id.* at 17-22.  These forms outlined the sources of income attributable to Mr. Griggers, the adjustments made, and the penalties imposed.  Docs. 92-8; 106-2; 106-3.  Second, Form 4340 identifies Mr. Griggers by name, his social security number, and the type of tax assessed, along with the taxable period, the amount of the assessment, and the date of the assessment.  Docs. 92-5; 109 at 18 n.16.  This satisfies the requirements of 26 C.F.R. § 301.6203-1.

---

[1] The RACS-006 report is a summary record of assessments generated from the IRS's Revenue Accounting Control System and is an automated listing of an entire day's or week's total amount of taxes assessed by a specific service center for all individuals assessed taxes in a given day or week.  Doc. 62-1 ¶¶ 4-5.  This was explained to Mr. Griggers at a status conference held on September 7, 2023.  Docs. 72; 74.  The United States only produced RACS-006 reports because Mr. Griggers insisted that it do so.  The United States even moved for a protective order, in response to Griggers' motion to compel these documents, and asked to be excused from producing the RACS-006 reports.  Docs. 60; 62; 66.  The United States was somehow able to obtain these documents and produced them to Mr. Griggers before the Court ruled on either motion.  Docs. 66 at 4; 66-1 ¶¶ 9-10.  The only person to ever file a RACS report in this case is Mr. Griggers, which he did not do until after the Court ruled on summary judgment.

### 3. Cross Examination

Mr. Griggers argues that he was not given the opportunity to cross-examine witnesses regarding the taxable activities attributed to him. Doc. 115 at 5-6. However, Mr. Griggers' demand for cross-examination confuses summary judgment standards with trial procedures. *See* Doc. 103; Fed. R. Civ. P. 56(a). The Court also addressed this issue during a status conference on September 7, 2023, and allowed Mr. Griggers to depose IRS Revenue Officer Susan Freeman, who verified the calculations and account statements for the IRS assessments. Docs. 73; 74. Mr. Griggers deposed Freeman on October 25, 2023, and had the opportunity to question her about the IRS's examination process, the creation of substitute returns, and the assessments. Docs. 79; 80 ¶ 22. This argument fails.

### 4. Alleged Falsification of Records

Mr. Griggers argues evidence recently obtained in response to a FOIA request shows procedural errors in the creation of substitute returns. Doc. 115 at 7-9. Specifically, he claims that the IRS engaged in falsifying records by misusing transaction codes to create "dummy returns" and Form 4340 without identifying taxable activity. Docs. 115 at 7-9; 129 at 2-4. However, the transaction codes referenced by Mr. Griggers, such as TC 036, 140, 150, 300, 420, 424, 425, and 570, are standard codes used in the examination process and are explained in the IRS's Internal Revenue Manual and other publicly available documents. Doc. 128 at 8-10. The IRS's procedures for creating substitute returns and assessments are authorized under the Internal Revenue Code, and Mr. Griggers has presented no evidence of fraudulent conduct that would justify vacating partial summary judgment.

5. *Due Process Violations*

Mr. Griggers argues that the IRS's actions, including the alleged falsification of records and failure to identify taxable activities, significantly impacted his ability to contest the assessments.  Docs. 115 at 2-11; 129 at 1-5.  However, the United States provided sufficient evidence of taxable activities attributable to Mr. Griggers by identifying income from partnerships, wages from employers, unemployment compensation, and pension distributions for the relevant tax years.  Docs. 92-4 ¶¶ 9, 11-12; 92-8 at 2, 4-5; 106-1 ¶¶ 7-8, 14-15; 106-2 at 5-7; 106-3; *see also* Docs. 115-7 at 14-20; 119-1; 133-1; 133-2; 133-33.  The IRS provided detailed explanations of how Mr. Griggers' tax liabilities were calculated, including Forms 4549, 5278, and 886-A.  Docs. 92-8; 106-2; 106-3.  Mr. Griggers failed to rebut this evidence or create a genuine issue of material fact about how the liabilities were calculated.  Doc. 109 at 17-22.  Further, the record shows that Mr. Griggers had ample opportunity to challenge the assessments but chose to obstruct the examination process instead—he issued 25 petitions to quash IRS summonses and repeatedly failed to provide requested documentation to support alternative income calculations.  Docs. 115 at 9; 115-7; 119-1; 133-1; 133-2; 133-3; *see also* Doc. 116 ¶ 7 ("I [Mr. Griggers] have a well-documented, thirteen-year history of continuously and unfailingly disputing that I have any tax liability with the IRS.") (citing letters disputing tax liability).  This argument fails.

6. *Notice of Deficiency; U.S. Tax Court Ruling*

Mr. Griggers argues that he was deprived of due process because he did not receive proper notice of deficiency.  Docs. 115 at 10; 129 at 5.  However, the United States provided evidence that the IRS mailed notices of deficiency for the relevant tax

6

years to Mr. Griggers' last-known address and then assessed unpaid liabilities after the notice periods expired and provided timely notice of assessments and demands for payment.  Docs. 92-4 ¶¶ 14-16; 92-5; 92-6; 92-7; 92-8; 106-1 ¶¶ 8, 12, 14; 109 at 17-28.  Mr. Griggers claims he recently obtained rulings from the U.S. Tax Court issued in 2019, which he argues found that the IRS had not issued the requisite "notices of deficiency" for the years 2002, 2003, 2004, 2009, 2015, and 2017.  Docs. 129 at 5; 129-1.  He contends that these findings mean this Court also lacks jurisdiction to proceed for these years.  Doc. 129 at 5.  However, this misinterprets the Tax Court's rulings.  For the tax years 2002 through 2004, the Tax Court dismissed Mr. Griggers' petition for lack of jurisdiction because it was not filed within the time prescribed by 26 U.S.C. §§ 6213(a) or 7502 (i.e., within 90 days of the notice of deficiency).  Doc. 129-1 at 4-5.  This does not at all amount to a ruling that the IRS failed to properly issue the requisite notice of deficiency.  Similarly, the Tax Court's dismissal for the remaining tax years was based on the fact that no notice of deficiency had been issued before Mr. Griggers filed his amended Tax Court petition on June 13, 2019.  *Id.* at 4-5.  The Tax Court's dismissal was based solely on procedural grounds, not on the validity of the IRS's notices.  This argument fails.

In sum, Mr. Griggers' arguments regarding the RACS-006 report, Form 4340, alleged falsification of records, lack of evidence of taxable activity, and cross-examination do not justify vacating partial summary judgment.  Docs. 115; 129.

### III. CONCLUSION

For the foregoing reasons, the motion to vacate partial summary judgment and hold an evidentiary hearing (Doc. 115) is **DENIED**.

7

**SO ORDERED**, this 6th day of May, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
