IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 5:22-cv-00310-MTT |
| RAY E. GRIGGERS II; MARY C. GRIGGERS; JERRY LAHR, INDIVIDUALLY AND AS TRUSTEE FOR VALIANT ENTERPRISES; FORTRESS MANAGEMENT, INC., AS TRUSTEE FOR VALIANT ENTERPRISES; STARBURST MANAGEMENT, LLC; and ORACLE, | |
| Defendants. | |

## **<u>FINAL JUDGMENT</u>**

On September 23, 2024, the Court granted the United States' Motion for
Summary Judgment with respect to its claims against Ray E. Griggers II for unpaid
federal income tax for tax years 2002-2004, 2015 and 2017.  Doc. 109.  The Court
denied the United's States' motion for tax year 2009.  *Id.*  At a bench trial, the Court
entered findings of fact and conclusions of law determining that Mr. Griggers is also
indebted to the United States for federal income tax liabilities for tax year 2009.
Docs. 146; 151.  Thus, entry of final judgment is now appropriate.[1]

---

[1] On July 15, 2025, the Court provided Mr. Griggers with a copy of the United States' proposed final
judgment and gave him the opportunity to submit objections to the form of the proposed judgment by
July 28, 2025.  Doc. 150.  Although the Court informed Mr. Griggers that his "[o]bjections shall not
address the merits of the Court's rulings," he did anyway.  Doc. 152; *see* Doc. 150 ("Objections to the
merits of the Court's rulings shall be addressed in appropriate post-trial or post-judgment
proceedings.").  The proposed judgment has been revised by the Court.

Consistent with the Court's ruling on summary judgment and at trial, it is

**ORDERED AND ADJUDGED** that:

1.     Final judgment is entered in favor of the United States and against Ray E. Griggers II for unpaid federal income taxes for 2002-2004, 2009, 2015, and 2017 in the amount of $886,065.03 as of December 15, 2023, plus statutory additions and interest in accordance with 26 U.S.C. §§ 6621 and 6622 accruing thereafter, from that date to the date of payment according to law.  *See* Docs. 109 at 11 (citing Docs. 92-4 ¶ 17; 92-9), 17-22; 146; 151.

2.     The United States has valid and enforceable federal tax liens on all property and rights to property of Ray E. Griggers II, including his interest in the property located at 531 Greenwood Street, Barnesville, GA 30204 ("the Greenwood Property").  26 U.S.C. § 6321; *see* Doc. 109 at 5, 16, 28-36.  The Greenwood Property is legally described as:

> All that tract or parcel of land lying and being in the City of Barnesville, Lamar County, Georgia, on Greenwood Street and numbered as No. 531, fronting 95 feet on the west side of said street with a southern boundary line of 162 feet, a northern boundary line of 163 feet and a western boundary line of 95 feet; said real property is bounded, now or formerly, as follows: on the South by the property of Leula Stock Brooks; on the West by property of Arnice Fambro; on the North by property of Searcy Murray Realty and on the east by Greenwood Street

Doc. 92-11 at 3; *see* Docs. 92-3 ¶ 9; 92-4 ¶ 23; 93-1 ¶ 9.

3.     Defendant Starburst Management, LLC holds legal title to the Greenwood Property as Ray E. Griggers' nominee, such that the federal tax liens against Ray E. Griggers attach to the property. Doc. 109 at 28-36, 39.

4.    Defendants Lamar County Tax Commissioner, Jennie Areson, Roy-Lee Baker II, and Jerry Lahr have no valid legal interests in the Greenwood Property. Doc. 109 at 37-38 (citing Docs. 26; 32; 42; 61); *but see* note 2 *infra* (citing Doc. 32 at 3, ¶ 5).

5.    Any interests of Defendants Mary C. Griggers, Fortress Management, Starburst Management, and Oracle in the Greenwood Property are subordinate to the United States' federal tax liens.  Doc. 109 at 37-39.

6.    The United States may enforce its federal tax liens by moving for a judicial sale of the Greenwood Property upon permission of this Court.

7.    The proceeds from any sale of the Greenwood Property shall be distributed to the United States to be applied to Ray E. Griggers II's outstanding federal income tax liabilities. [2]

**SO ORDERED**, this 1st day of August, 2025

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] However, pursuant to the United States' stipulation of dismissal with Andrea Anthony, and her disclaimer of interest, in her capacity as Tax Commissioner of Lamar County, Georgia, should any ad valorem real property taxes entitled to priority under 26 U.S.C. § 6323(b)(6) be due and owing, they will be paid as a cost of sale.  Doc. 32 at 3, ¶ 5.