IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 5:22-cv-310 (MTT) |
| | ) |
| RAY E. GRIGGERS II, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

In accordance with the Court's final judgment (ECF 153), the United States moves for a "Decree of Foreclosure and Order of Sale" of property located at 531 Greenwood Street, Barnesville, GA 30204 ("the Greenwood Property"), belonging to Defendant Ray E. Griggers II. ECF 154. Griggers objects to the United States' motion, arguing it is premature. ECF 156. Griggers does not otherwise object to the United States' proposed terms of sale. *See id.* For the following reasons, the United States' motion is **GRANTED**.

**DISCUSSION**

On August 1, 2025, the Court entered final judgment in this case establishing, among other things, that 1) Griggers owes unpaid federal income taxes for tax years 2002–2004, 2009, 2015, and 2017, and 2) the United States has valid and enforceable tax liens on all Griggers' property and rights to property, including his interest in the Greenwood Property. ECF 153 at 2. In addition, the Court instructed that "[t]he United

States may enforce its federal tax liens by moving for a judicial sale of the Greenwood Property upon permission of this Court," as the United States now seeks to do. *Id.* at 3.

Griggers objects that the United States' motion is premature. ECF 156 at 2. He argues the United States may not move to foreclose on the Greenwood Property until after the statutory windows for him to seek relief from final judgment or to appeal have passed.[1] *Id.* Griggers also argues that the United States' "premature" filing "demonstrates bad faith and disregard for the Defendant's constitutional right of due process" and that granting the United States' motion would deprive him of "any meaningful opportunity for judicial review." *Id.*

But the United States' motion is timely. In an action to enforce a federal tax lien, 26 U.S.C. § 7403(c) provides: "The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property." After doing so, "in all cases where a claim or interest of the United States therein is established, [the court] may decree a sale of such property." *Id.* Here, the United States has an established interest in the Greenwood Property. ECF 156. Thus, consistent with the natural progression of an action brought under 26 U.S.C. § 7403, the Court now "may decree sale" of the Greenwood Property. *Id.*

The Court also notes that decreeing sale may be necessary to conclude this case. A "final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Sabal Trail Transmission, LLC v. 3.921 Acres*

---

[1] Specifically, Griggers argues the United States may not move for a foreclosure decree until after the deadlines set forth in Federal Rules of Civil Procedure 59(e) and 60(b) and set forth in Rule 4(a) of the Federal Rules of Appellate Procedure have passed.

*of Land in Lake Cnty.*, 947 F.3d 1362, 1370 (11th Cir. 2020) (citation modified); *see also United States v. Lena*, 370 F. App'x 65, 68 (11th Cir. 2010) (explaining the Eleventh Circuit dismissed as "neither final nor immediately appealable" an appeal from a "final judgment as to the tax assessments, court costs, and attorney's fees" which included an instruction "that the government could foreclose" on the defendants' home). Here, the Court's final judgment leaves something beyond executing judgment "for the court to do." Namely, the Court must establish the foreclosure decree's substantive terms before executing judgment according to those terms. *See United States v. Allahyari*, 99 F.4th 486, 493–94 (9th Cir. 2024) ("the lack of a final decision is confirmed by the absence of any order specifying the necessary substantive requirements governing how the sale should be conducted and the proceeds distributed."). Thus, a decree of sale at this juncture, rather than depriving Griggers of meaningful access to the judicial process, may provide the final judgment he needs for an appeal.

In sum, the United States' motion for a decree of foreclosure is timely and does not demonstrate bad faith or disregard for Griggers' right to due process. To the extent Griggers wishes to stay enforcement of this foreclosure decree, he should move to do so. Accordingly, the United States' motion for decree of sale (ECF 154) is **GRANTED**.

**DECREE OF FORECLOSURE AND ORDER OF SALE**

For good cause shown, it is hereby **ORDERED AND ADJUDGED** that:

1. The United States is authorized to foreclose the federal tax liens associated with the unpaid federal income tax liabilities of Defendant Ray E. Griggers, II.
2. The real property in this action, located at 531 Greenwood Street, Barnesville, GA 30204, ("the Property") in Lamar County, Georgia within the Middle District of

Georgia, is ordered sold pursuant to 26 U.S.C. §§ 7402(a), 7403 and 28 U.S.C. §§ 2001 and 2002. The Property is legally described as:

> All that tract or parcel of land lying and being in the City of Barnesville, Lamar County, Georgia, on Greenwood Street and numbered as No. 531, fronting 95 feet on the west side of said street with a southern boundary line of 162 feet, a northern boundary line of 163 feet and a western boundary line of 95 feet; said real property is bounded, now or formerly, as follows: on the South by the property of Leula Stock Brooks; on the West by property of Arnice Fambro; on the North by property of Searcy Murray Realty and on the East by Greenwood Street

3. The Internal Revenue Service Property Appraisal and Liquidation Specialists ("PALS") is authorized to offer for public sale and to sell the Property.

4. **Terms and Conditions:** The terms and conditions of the sale are as follows:

   a. The sale shall be free and clear of all rights, titles, claims, liens and interests of all parties to this action, including the United States and Defendant Ray E. Griggers, II and any successors in interest or transferees of those parties;

   b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

   *Sale Location*

   c. The sale of the Property shall be by public auction under mail-in bid, proxy bid, at the Courthouse of Lamar County, Georgia, or on the Property's premises. Open of mail in bid forms will occur at the PALS office location.

   *Notice of Sale*

   d. The PALS shall announce the date and time for the sale;

e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Lamar County, Georgia and by any other notice PALS deems appropriate. The notice shall contain an adequate description of the Property, but need not contain the full legal description, and shall contain the terms and conditions of sale set forth in this Order of Sale. **If the sale is conducted via mail-in bid, all bids are to be received by PALS no later than 11:00 a.m. on the day of the sale**;

*Minimum Bid*

f. The PALS shall set, and may adjust, the minimum bid. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions of this Order of Sale, hold a new public sale, and may reduce the minimum bid;

*Payment of Deposit and Balance*

g. At the time of the sale, the successful bidder(s) shall deposit with the PALS, by money order or by certified or cashier's check payable to the "United States District Court for the Middle District of Georgia," a deposit in an amount between five (5) and twenty (20) percent of the minimum bid, as specified by the PALS in the published notice of sale. Before being permitted to bid at the sale, potential bidders shall show the PALS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the deposit required by this Order of Sale;

h.  The successful bidder(s) shall pay the balance of the purchase price for the Property within forty-five (45) days following the date of the sale. The certified or cashier's check payable to the United States District Court for the Middle District of Georgia shall be given to PALS who will deposit the funds with the Clerk of this Court. **If the sale is conducted via mail-in bid, the deposit is to be provided with the bid and will be returned if the bid is not accepted.** If the bidder fails to fulfill these requirements, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to the liabilities of Defendant Ray E. Griggers, II at issue herein. The Property shall be again offered for sale under the terms and conditions of this Order of Sale or, in the alternative, sold to the second highest bidder, at the sole discretion of the United States;

***Special Provisions for Mail-in Bids***

i.  Each mail-in bid will be deemed to make a first bid of the minimum bid specified by PALS. Each mail-in bid must also specify the maximum bid the bidder wishes to make. Failure to specify a maximum bid will result in the bid being invalid, and PALS shall return the bid and deposit to the bidder.

j.  If PALS receives at least two valid mail-in bids, the winning bidder shall be the one with the highest maximum bid, and the sales price will be the lesser of (1) of the second-highest maximum bid plus $1,000, or (2) the highest maximum bid.

k.  If two or more different mail-in bidders specify the same maximum bid and that maximum bid is the highest maximum bid, PALS may, without further

authorization from the Court, solicit further mail-in bids from all such bidders until a single bidder has the highest maximum bid.

### *Deposit of Sales Proceeds into Court's Registry*

l.  The Clerk of the District Court is directed to accept the deposit and sale proceeds and deposit them into the Court's registry for distribution pursuant to further order of this Court;

### *Confirmation of Sale*

m.  The sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale, ownership and possession of the Property shall transfer to the successful bidder(s), and all interests in, liens against, and titles and claims to, the Property that are held or asserted by the parties to this action are discharged and extinguished. When this Court confirms the sale, the Recording Official of Lamar County, Georgia, may cause the transfer of the Property to be reflected upon that county's register of title.

n.  After the confirmation of the sale, the IRS shall execute and deliver a deed under the authority of this Court conveying the Property, effective as of the date of the confirmation of the sale, to the successful bidder(s) or as designated in writing by the successful bidder(s). The successful bidder(s) shall pay, in addition to the amount of the bid, any documentary stamps and registry fees as provided by law.

o.  All rights to rents of or from the Property arising after the final judgment in this action and before the confirmation of the sale of the Property shall constitute proceeds of the Subject Property and such rents shall be turned

    over to, and paid to, the PALS for deposit and distribution in the same manner as the proceeds of the sale of the Property. On confirmation of the sale of the Property, all rights to product, offspring, rents, and profits of or from the Property arising thereafter shall transfer to the successful bidder(s) and all risks of losses associated with the Property shall transfer to the successful bidder(s).

    ***Redemption***

  p.  The sale of the Property is ordered pursuant to 26 U.S.C. § 7403 and is made without right of redemption.

5. **Preservation of the Property**: Until the Property is sold, the Defendant Ray E. Griggers, II shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures, and appurtenances on each property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Property. He shall neither commit waste against the Property, nor cause or permit anyone else to do so. He shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. He shall not record any instrument, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall he cause or permit anyone else to do so. Violation of this paragraph shall be deemed contempt and shall be punishable as such.

6. **Vacating the Property:** All persons occupying the Property shall vacate the property permanently within thirty (30) days of the date of this Order of Sale, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the property).

   The United States may, in writing and in its sole discretion, extend the time to vacate.

   If any person fails or refuses to vacate the Property by the date specified in this Order of Sale, or as extended by the United States, the United States, including the PALS and the United States Marshals Service, is authorized to take all actions that are reasonably necessary to have those persons ejected or excluded. The United States Marshals Service is authorized and directed to take any and all necessary actions, including but not limited to the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to, the land, buildings, vehicles, and any other structures located thereon, for the purpose of executing this Order of Sale. The United States Marshals Service is further authorized and directed to arrest, evict, or re-evict from the premises any persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with this Order of Sale.

7. **Abandoned Personal Property:** Any personal property remaining on the Property thirty (30) days after the date of this Order of Sale (or as extended in writing by the United States) is deemed forfeited and abandoned, and the PALS is authorized to dispose of it in any manner they see fit, including disposal or sale, in which case the proceeds of the sale are to be applied first to the

expenses of sale and the balance to the parties as directed by the Court. Checks for the purchase of personal property shall be made out to the "Clerk of District Court for the Middle District of Georgia," and the Clerk is directed to accept these checks and deposit them into the Court's registry for distribution pursuant to further order of this Court.

8. **PALS' Access to the Property:** Pending the sale of the Property, and until confirmation of sale, the IRS and PALS are authorized to have free and full access to the premises in order to take any and all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property.

9. **Forwarding Address:** No later than two (2) business days after vacating the Property, pursuant to the deadline set forth in paragraph (4) above, defendant Ray E. Griggers, II or an agent thereof shall notify counsel for the United States of a forwarding address where he can be reached. Notification shall be made by contacting the trial attorney for the United States, Malcolm M. Murray, at (202) 307-6499.

10. **Claims:** The United States has an interest of $886,065.03, plus interest and other statutory additions as of December 15, 2023.[2] Any other defendant wishing to claim an interest in the sale proceeds must submit to the court evidence of its claim, the amount, and the priority of its claim within forty-five (45) days from the entry of this Order of Sale.

---

[2] The United States will update the amount due, if necessary, in its motion for confirmation of sale and distribution of proceeds.

11. **Distribution of Sale Proceeds:** After the Court confirms the sale of the Property, absent any showing to the contrary, the sale proceeds deposited with the Clerk of this Court shall be distributed in the following order of priority:

    a. First, to the United States Treasury, for the expenses of the sale, including any expenses incurred to secure or maintain the Property pending sale and confirmation by the Court;

    b. Second, to pay for all other costs and expenses of sale, including title insurance;

    c. Third, to all taxes unpaid and matured that are owed to Lamar County, Georgia, or other local taxing authority, for real property taxes and other local assessments due and owing, if any, which are entitled to priority under 26 U.S.C. § 6323(b)(6);

    d. Fourth, to the plaintiff United States of America for satisfaction of the federal tax liabilities due and owing for Defendant Ray E. Griggers II's federal tax liabilities for 2002-2004, 2009, 2015 and 2017, totaling $886,065.03 as of December 15, 2023, plus statutory additions including interest accruing thereafter.

    e. Fifth, any further remaining sale proceeds shall be paid to Defendant Ray E. Griggers, II.

    **SO ORDERED**, **ADJUDGED, AND DECREED** this 17th day of September, 2025.

                                             S/ Marc T. Treadwell
                                             MARC T. TREADWELL, JUDGE
                                             UNITED STATES DISTRICT COURT