IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:22-cv-310 (MTT) |
| | ) |
| **RAY E. GRIGGERS II**, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

The Court entered final judgment in this case on August 1, 2025 (ECF 153) following the Court's partial grant of summary judgment to the United States (ECF 109) and a bench trial (ECF 146; 151). Defendant Ray E. Griggers II moves to alter or amend the Court's judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. ECF 155. For the following reasons, Griggers' motion is **DENIED**.

The Court may alter or amend a judgment under Rule 59(e) only if the moving party shows "newly-discovered evidence or manifest errors of law or fact." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Significantly, "[a] Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (citation modified). "Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59." *Id.*

Here, Griggers raises five arguments in support of his motion. ECF 155 at 1–2. But none of his arguments involve "newly-discovered evidence;" nor do they show

"manifest errors of law or fact." *Jacobs*, 626 F.3d at 1344. The Court previously addressed three of Griggers' arguments. Specifically, the Court addressed Griggers' argument that IRS Forms 4340, 4549, and 6020(b) returns are not sufficient evidence of a valid tax assessment in its order denying Griggers' motion to vacate the Court's partial grant of summary judgment. ECF 138 at 3–4. The Court addressed Griggers' argument concerning collection documents in its partial grant of summary judgment. ECF 109 at 18 n.16. The Court also rejected as meritless Griggers' argument that the United States failed to properly invoke the Court's jurisdiction by failing to list a statute imposing a duty on Griggers' to pay taxes. *Id.* at 12–13; 16–17. Consequently, these arguments do not support Griggers' Rule 59(e) motion.

Griggers' remaining two arguments do not provide grounds for altering or amending the Court's final judgment either. Griggers argues the Court erroneously treated interpretive regulations under 26 CFR Part 301 as binding law.[1] ECF 155 at 1–2. The Court referred to § 301.6203–1 in its partial grant of summary judgment (ECF 109 at 18 n.16), and Griggers raised an issue concerning the Court's application of § 301.6203–1 in his motion to vacate the Court's summary judgment order. ECF 115 at 7. But while Griggers had ample opportunities to raise his current argument, he failed to do so. Rule 59(e) does not permit him to raise it now, after final judgment. *See Jacobs*, 626 F.3d at 1344. Griggers also argues the Court misapplied enforcement regulations across subtitles by extending excise tax regulations "derived from 27 CFR Part 70" to income taxes. ECF 155 at 2. But Griggers does not explain his argument, and again, Griggers could have

---

[1] Griggers does not point to any specific instance where he believes the Court did so. ECF 155 at 1–2.

raised any concern he had regarding the Court's procedure for calculating the tax liabilities of a non-filer prior to the entry of final judgment in this case.

In short, Griggers has not shown "newly-discovered evidence or manifest errors of law or fact" to support his motion. *Jacobs*, 626 F.3d at 1344. Instead, he asks the Court to reconsider the merits of this case by presenting arguments that Griggers already raised or could have raised prior to final judgment. Accordingly, Griggers' motion (ECF 155) is **DENIED**.

**SO ORDERED**, this 19th day of September, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
